UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTINE CRISTOBAL,

    Plaintiff,

v.

COUNTY OF MIDDLESEX, et al.,

    Defendants.

Civil Action No. 17-9410 (MAS) (TJB)

**MEMORANDUM OPINION**

Currently before the Court is Defendant First Managed Care Option, Inc.'s ("FMCO" or "Defendant") Motion to Dismiss. (ECF No. 13.) Plaintiff Christine Cristobal ("Plaintiff" or "Cristobal") opposed (ECF No. 31) and FMCO replied (ECF No. 32). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.    Background**[1]

Plaintiff underwent a selection process to become an officer for the Middlesex County Sheriff's Department ("Sheriff's Department"). (Compl. ¶ 15, ECF No. 1.) The selection process included a prescreening medical and physical examination. Plaintiff passed the examinations and on September 8, 2014, Plaintiff was hired by the Sheriff's Department. (*Id.* ¶¶ 16, 18.) Plaintiff began academy training; however, on November 19, 2014, Plaintiff sustained an injury while running at the Police Academy. (*Id.* ¶ 20.) As a result, the Sheriff's Department placed Plaintiff on light or modified duty. (*Id.* ¶ 21.) Approximately ten months later, on September 16, 2015,

---

[1] For purposes of this motion, the Court accepts the allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Dr. Charles Gatt, "the physician selected by [the Sheriff's Department] to examine, treat[,] and evaluate [] [P]laintiff," cleared Plaintiff to return to full duty without restrictions. (*Id.* ¶ 22.) The Sheriff's Department, however, did not return her to full work. (*Id.* ¶ 23.) On October 14, 2015, Dr. Gatt reiterated that Plaintiff was clear for full duty. (*Id.* ¶ 25.) "Rather than follow the direction of Dr. Gatt, [D]efendants directed [P]laintiff to undergo a Functional Capacity Evaluation" ("FCE"). (*Id.* ¶ 26.) The FCE was performed by Kinematic Consultants, Inc. ("Kinematic"). (*Id.* ¶ 27.)

Maureen Thompson, an Employee Benefits Specialist with the County of Middlesex Human Resources Department, provided Kinematic with an essential job functions listing ("Functions Listing") to use as the basis of the FCE. (*Id.* ¶¶ 10, 28.) Plaintiff claims that the Functions Listing, which included a requirement that Officers be able to lift an object of at least 180 pounds, has a disparate impact on women. (*Id.* ¶¶ 28-37.)

The FCE concluded that Plaintiff "continues to lack adequate strength for heavier, unpredictable physical activities such as restraining unruly individuals, involvement with altercations or effectuating arrests of belligerent individuals." (*Id.* ¶ 42.) The FCE also stated that the "FCE may be compatible with mild residual functional issues, [but] . . . [i]t is improbable that this will significantly affect job performance ability." (*Id.* ¶ 44.) Dr. Gatt reviewed the FCE report and cleared Plaintiff to return to full duty work. (*Id.* ¶ 45.)

On November 4, 2015, shortly before Plaintiff was scheduled to begin the academy again, the Sheriff's Department served Plaintiff with a Preliminary Notice of Disciplinary Action. (*Id.* ¶ 47.) The Preliminary Notice stated: "[i]t was determined as a result of the functional capacity exam that your injuries preclude you from performing the duties of a Sheriff's Officer." (*Id.* ¶ 48.) Pursuant to the Preliminary Notice, the Sheriff's Department placed Plaintiff on unpaid suspension

and "stripped [] her [of] [h]ealth [c]are coverage and [Plaintiff] was advised if she wished to continue such coverage she would have to pay $1,298.06 per month." (*Id.* ¶ 49.)

Plaintiff subsequently filed a lawsuit in this Court against the Sheriff's Department, two Human Resources employees, Middlesex County Sheriff Mildred Scott, Undersheriff Kevin Harris, the County of Middlesex, Kinematic, and FMCO (collectively, "Defendants"). The lawsuit alleges: (1) violations of the New Jersey Law Against Discrimination ("NJLAD") for sex discrimination; (2) violations of the NJLAD for perceived disability discrimination; (3) violations of the NJLAD for retaliation; (4) violations of the NJLAD for aiding and abetting conduct that is prohibited by the NJLAD; (5) violations of Plaintiff's rights to due process and equal protection under the New Jersey Civil Rights Act and New Jersey Constitution; and (6) violations of Plaintiff's Constitutional rights under 42 U.S.C. § 1983. (*See generally*, Compl.)

## II. **Parties' Positions**

### A. **Defendant**

FMCO argues that the factual allegations in the Complaint do not support any of the claims against it. (Def.'s Moving Br. 1-5, ECF No. 13-1.) FMCO further argues that Plaintiff's NJLAD claims fail because FMCO is not Plaintiff's employer. (*Id.* at 6.) FMCO contends that because Plaintiff makes no factual allegations establishing an employer-employee relationship between FMCO and Plaintiff, Plaintiff has not and cannot state any claim under the NJLAD. Further, FMCO argues that aiding and abetting must also fail because it is "a theory of individual *supervisor* liability." (*Id.* at 7 (emphasis in original).)

FMCO also contends that Plaintiff failed to state a sufficient claim against FMCO for the deprivation of Plaintiff's civil rights under the New Jersey Civil Rights Act, New Jersey Constitution, or the United States Constitution because Plaintiff has not asserted any factual allegations regarding FMCO's involvement with the alleged scheme to deprive Plaintiff of her

3

civil or constitutional rights. (*Id.* at 8.) Defendant argues that Plaintiff's Complaint does not establish that FMCO participated in any discriminatory conduct. (*Id.* at 9.) FMCO requests the Court to dismiss all claims against it, with prejudice.

**B. Plaintiff**

Plaintiff responds that the claims should survive because the facts asserted in the Complaint are sufficient to support a cause of action against FMCO. (Pl.'s Opp'n Br. 7-13, ECF No. 31.) Plaintiff contends that FMCO meets the standard for employer liability because FMCO acted "directly or indirectly" in the interest of the Sheriff's Department because FMCO is a managed care organization providing medical cost containment services for workers' compensation programs.[2] (*Id.* at 8.) Plaintiff further argues that, even if FMCO were not an employer under the NJLAD, aider and abettor liability should nevertheless survive because the relevant provisions of the NJLAD state that aider and abettor liability is imposed against "persons" not "employers." (*Id.*)

Plaintiff also argues that FMCO is liable for retaliation under the NJLAD because she opposed an action she considered unlawful under the NJLAD, was subjected to an adverse employment decision by FMCO, and that there exists a causal link between the two. (*Id.* at 12.) Plaintiff additionally claims that FMCO "engaged in a continuing pattern and practice of retaliation" after her employment was terminated by using "bogus standards." (*Id.* at 12-13.) Plaintiff also argues that FMCO acted in "concerted and joint action" with the Sheriff's

---

[2] Plaintiff cites to the definition of "employer" from the New Jersey Wage and Hour Law to argue for liability under the NJLAD. (Pl.'s Opp'n. Br. 9 (incorrectly citing to N.J.S.A. § 10:5-4 with a definition that actually appears in N.J.S.A. § 34:11-56a1(g).) Plaintiff, however, provides no case law, argument, or evidence to explain why FMCO, a third-party vendor for workers' compensation, should be considered her employer for claims of employment discrimination under the NJLAD.

4

Department to provide Kinematic with the Functions Listing and, therefore, acted under the color of law to deprive Plaintiff of her constitutional and statutory rights. (*Id.* at 14.)

### III. Discussion

As an initial matter, the Court notes that from the allegations set forth in the Complaint, it is unclear how FMCO is involved in the conduct alleged by Plaintiff.[3] In fact, from the Court's review of the Complaint, there are only three factual allegations pertaining to FMCO. Specifically, Plaintiff alleges that FMCO: (1) "is a managed care organization providing medical cost containment services for workers' compensation programs" (Compl. ¶ 12); (2) together with Middlesex County, the Sheriff's Department, and an HR Employee, "jointly and in concert provided [Kinematic] with the [Functional Listing]"[4] (*id.* ¶ 38); and (3) "knew or should have known the [Functional Listing] was not predictive of or significantly correlated with the job as Sheriff's Officer and whether [P]laintiff was capable of performing full duty work" (*id.* ¶ 41). Outside of these paragraphs, FMCO is mentioned only in conclusory group-pled allegations asserting its liability. (*Id.* ¶¶ 52-54, 56-58, 60, 63-65, 68-70, 72, 76-77.)

The Court, therefore, cannot find that any of the claims against FMCO are properly pled. Plaintiff's Complaint completely fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) as to FMCO. The vague factual allegations are insufficient to put FMCO on notice of the claims against it and the grounds upon which they rest. Further, simply including FMCO in group pled paragraphs is insufficient. Group pleading does not satisfy the plausibility requirement

---

[3] Although the Court cannot consider factual allegations raised in a brief, Plaintiff's opposition brief also fails to explain the factual allegations for the claims against FMCO. Instead, the brief recites conclusory allegations of FMCO's liability that do not provide any underlying factual context. It is unclear from any of the submissions before the Court how or why FMCO is a party to this litigation.

[4] The Court also notes that this allegation is at odds with the allegation in paragraph 28 that Maureen Thompson provided Kinematic with the Functional Listing.

5

of Federal Rule of Civil Procedure 8. *See, e.g., Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (group pleading fails to put defendants on notice of the claims against them). Alleging that each defendant is responsible for every alleged wrong is insufficient. *Id.* at *5; *see also Turner v. N.J. State Police*, No. 08-5163, 2017 WL 1190917, at *10 n.22 (D.N.J. Mar. 29, 2017) ("A complaint's failure to differentiate between defendants can warrant dismissal in and of itself, under Fed. R. Civ. P. 8(a)."). Here, the bare factual allegations against FMCO and the conclusory group-pled allegations about liability are entirely insufficient under the federal rules to maintain a cause of action for any of the claims alleged in the Complaint.

**IV. Conclusion**

For the reasons set forth above, FMCO's Motion to Dismiss is granted, without prejudice.[5] An Order Consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] The Court cannot engage in a full substantive analysis of whether a dismissal with prejudice is warranted on the Complaint currently before the Court.